## Commonwealth ex rel., Appellant, *v.* Bradley.

*Public officers—Petroleum inspector—Appointment—Act of May 15, 1874, P. L. 189—Municipalities.*

The Act of May 15, 1874, P. L. 189, entitled " An act to provide for the better security of life and property from the dangers of coal and petroleum oils," confers upon courts of common pleas the power to appoint petroleum inspectors with the proviso that " in any county wherein is situate a city of more than 300,000 inhabitants, in such case . . . . the appointment of

inspector shall be made by the mayor of said city." *Held,* that the act is to be construed to apply only to those cities which answered the description at the time of the passage of the act.

Argued Oct. 25, 1904.  Appeal, No. 94, Oct. T., 1904, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., July T., 1903, No. 393, on demurrer to petition for quo warranto in case of Commonwealth ex rel. William Shore, Jr., v. John Bradley. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Affirmed.

Demurrer to petition for quo warranto.

The court filed the following opinion :

The relator claiming to be lawfully appointed inspector of petroleum in Allegheny county, has filed a suggestion for a quo warranto against the defendant, John Bradley, who is in actual possession of that office, and to the answer of Bradley the relator has demurred.

The question of law upon which the whole case is to be determined arises upon the proper construction and the validity of an Act of assembly of May 15, 1874, P. L. 189, which forbids the sale of refined petroleum unless the same shall have been subjected to a certain fire test, and that fire test shall be determined by an inspector, and that said "inspector shall be appointed by the courts of common pleas, one in each county in the commonwealth, wherein said burning oils or fluids as before mentioned are manufactured; provided that in any county where there shall be more than one court of common pleas the said appointment shall be made by court No. 1 in said counties, and in any county wherein is situate a city of more than 300,000 inhabitants, in such case, in lieu of court No. 1, the appointment of inspector shall be made by the mayor of said city," and then provides a penalty for sales made in contravention of the act.

The defendant claims the office under an appointment made January 10, 1903, by the court of common pleas No. 1 of the county of Allegheny.   The relator claims it by an appointment made May 9, 1903, by the mayor of the city of Pittsburg, and it appears from the pleadings that in the county of Allegheny, there is situate the city of Pittsburg, a city containing more

than 300,000 inhabitants. It is not alleged that there is not
in said county of Allegheny another city or cities containing
that number of inhabitants. At the time of the appointment
of defendant, there was no officer known as mayor of the city
of Pittsburg, the chief executive officer of that city being at
that time designated as city recorder under the provisions of
the Act of March 7, 1901, P. L. 20, which act abolished the
office of mayor in that city. The Act of April 23, 1903, P. L.
284, is entitled " an Act changing the title of the chief execu-
tive officer in cities of the second class from City Recorder to
Mayor." The body of the act follows the title, adding, how-
ever, " But this shall in no way change the power or duties
pertaining to such office or offices."

At the time of the passage of the act in question, there was
but one county in the state in which was situate a city of
more than 300,000 inhabitants, and that city was coterminous
with the county. There were two counties in which there
were more than one court of common pleas, and the constitu-
tion provided for the erection of other courts of common pleas
by the legislature from time to time. The proviso in question
directs that in any county where there shall be more than one
court of common pleas, the appointment shall be made by court
No. 1, and in any county " wherein is situate " a city, etc., it
shall be made by the mayor. While it is no doubt true that
generally words in the present tense used in provisions such
as those of this act are ordinarily to be interpreted to include
the future or to speak as of the time when the application of
the act is called for, yet if such interpretation would give rise
to anomalous situations such as could not have been in con-
templation of the legislature, and the words are fully suited
by application to the state of affairs existing at the time of the
passage of the act, we are of the opinion that it is not necessary
or proper to interpret them so as to produce such results. It
is plain that as the city of Pittsburg is by no means coterminous
with the county of Allegheny, and that county, in fact, con-
tains another large city of the same class, and a third city,
which with the addition of contiguous territory may at any
time be raised to that class, and contains a great number of
inhabitants, that it is quite possible there may be two or even
three cities in the county of Allegheny answering the descrip-

tion of the proviso. How, under the relator's contention, an inspector of petroleum could be appointed with two or three cities of the required size in existence is not very obvious, and the sale of petroleum in the county of Allegheny would therefore be entirely prevented. Considering these circumstances, and the fact which we think is entitled to considerable weight, that the legislature has used the words "shall be" in reference to the courts of common pleas and the word "is" in reference to the city of 300,000 inhabitants in the same sentence, we are of opinion that the proviso as to the appointment by the mayor of the city is to be confined to those cities which answered the description at the time of the passage of the act, and does not, therefore, apply to the county of Allegheny, which, so far as appears by the pleadings, contained no such city at the time of the passage of the act. We deem it unnecessary, therefore, to discuss the other questions raised on the argument.

The demurrer is therefore overruled and judgment is entered for the defendant with costs.

*Error assigned* was the judgment of the court.

*George H. Calvert*, with him *W. B. Rodgers*, for appellant, cited : Lloyd v. Smith, 176 Pa. 213; Kilgore v. Magee, 85 Pa. 401.

*E. H. Stowe*, with him *E. E. Cotton*, for appellee, cited : Com. v. Patton, 88 Pa. 258 ; Com. v. Erie & N. E. R. R. Co., 27 Pa. 339.

PER CURIAM, November 4, 1904 :

It is not necessary to consider the question whether at the time of defendant's appointment by the court of common pleas, No. 1, the chief executive of the city of Pittsburg, though called the recorder, had the power of appointment conferred by the act of 1874 on a mayor, or if he had not at that time, whether such power was conferred or revived by the Act of April 23, 1903, P. L. 284, restoring the title of mayor, and on these questions we express no opinion.

No construction of the act suggested is free from difficulty but that given to it by the court below, as intended to

apply only to the city fitting the description at the time of its passage, in other words, that the act, though informal in that respect, was intended as a classification of cities with reference to public officers exercising a function of the police power of the state seems most in accord with the general intent of the legislature, and the judgment is affirmed on that portion of the opinion of the court below.

Judgment affirmed.